**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FRANCES M. WEEKS-ANDEREGG, | |
| Plaintiff, | 2:13–cv–0610–GMN–VCF |
| vs. | |
| | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the court is Defendant United States of America's motion to dismiss for lack of jurisdiction (#5[1]). Plaintiff Frances M. Weeks-Anderegg opposed (#12); and, the United States replied (#25).

Also before the court is Defendant United States of America's motion to stay (#7). Plaintiff Frances M. Weeks-Anderegg opposed (#11); and, the United States replied (#14).

**BACKGROUND**

This matter arises out of an automobile accident. (Compl. (#1-1) at 3). On January 24, 2011, Plaintiff Frances M. Weeks-Anderegg collided with Kathrynne McPherson. (*Id*. at 3:21). McPherson, who was a member of the Civil Air Patrol, allegedly "failed to yield the right-of-way." (*Id*.) On January 9, 2013, Plaintiff filed a negligence action in state court against McPherson and the Civil Air Patrol. (*Id*. at 4–9).

---

[1] Pathetical citations refer to the court's docket.

1

The federal statute commonly known as the Westfall Act or Federal Tort Claims Act accords federal employees absolute immunity from tort claims arising out of acts undertaken in the course of their official duties. 28 U.S.C. § 2679(b)(1). Because the Civil Air Patrol is "an instrumentality of the United States," and McPherson was allegedly "carrying out her mission assigned by the Secretary of the Air Force" when the collision occurred, (*see* Notice of Removal (#1) at 2:8–13), the United States substituted itself as a Defendant and removed the action to federal court. (*Id*.); (Order #9) (dismissing McPherson as a Defendant).

Immediately after the United States filed its notice of removal, however, the United States filed a motion to dismiss for lack of jurisdiction. (Mot. to Dismiss (#5) at 11–12). The United States' motion to dismiss argues, *inter alia*, that Weeks-Anderegg's complaint must be dismissed because "Plaintiff's Complaint fails to cite authority and facts that show this Court as subject matter jurisdiction." (*Id*.)

Two days later, on April 12, 2013, the United State filed a motion to stay discovery. (Mot. to Stay #9). This motion contends that discovery should be stayed pending resolution of the motion to dismiss because the motion to dismiss is dispositive and will resolve the entire case pending before the court. (*Id*.)

On October 7, 2013, the court held a hearing on the United States' motion to stay. (Mins. Proceedings #31). During the hearing, the court and parties agreed that the key question governing both of the United States' pending motions is whether McPherson was acting within the course and scope of her employment when the accident occurred. (*Id*.) If McPherson was acting within the course and scope of her employment, then the United States is the appropriate defendant. (*Id*.) If, however, McPherson was not acting within the course and scope of her employment, then McPherson is the appropriate defendant. (*Id*.) Accordingly, the court directed the parties to meet and confer to determine whether

McPherson acted within the course and scope of her employment. (*Id.*) To date, the parties have been unable to reach a stipulation.

## DISCUSSION

The United States' motions are denied. As discussed during the court's October 7, 2013 hearing, the Supreme Court's decision in *Osborn v. Haley*, 549 U.S. 225 (2007) controls. In *Osborn*, Justice Ginsburg clearly held that if the United States removes an action to federal court under the Westfall Act, then the Attorney General's removal certification "shall conclusively establish scope of office or employment for ***purposes of removal***." *Id*. at 241 (quoting 28 U.S.C. § 2679(d)(2)) (emphasis added).

This means that this action will remain in federal court. The issue is not whether this court has subject-matter jurisdiction. Under *Osborn*, the United States' April 9, 2013, notice of removal conclusively establishes federal jurisdiction. *Id*. Rather, the issue is whether the United States or McPherson is the proper defendant for purposes of trial. As Justice Ginsburg stated in *Osborn*:

> [W]hen the Attorney General certifies scope of employment, his certificate 'conclusively establish[es] scope of office or employment *for purposes of removal*.' § 2679(d)(2). Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive."

*Osborn*, 549 U.S. at 242 (emphasis original).

The United States' motion to stay discovery is, therefore, denied. Discovery is required to determine how Weeks-Anderegg's action will proceed for purposes of trial. If discovery reveals that McPherson acted within the course and scope of her employment, then the action must proceed under the Westfall Act against the United States. If, however, discovery reveals that McPherson did not act

3

within the course and scope of her employment, then the action will proceed in federal court under state law against McPherson.

The court also denies the United States motion to dismiss. Because the Attorney General's certification is conclusive, the United States' contention that this court lacks jurisdiction is without merit. *See Osborn*, 549 U.S. at 242. In the event that discovery reveals that McPherson did not act within the course and scope of her employment, the United States may move to dismiss Weeks-Anderegg's complaint for failure to present a claim pursuant to 28 U.S.C. § 2675(a). Limited discovery, however, must first be completed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant United States motion to dismiss (#5) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant United States motion to stay (#7) is DENIED in part and GRANTED in part. The parties are ordered to (1) conduct discovery on the issue of whether McPherson acted within the course and scope of her employment and (2) stipulate to facts regarding the course and scope of McPherson's employment. If a stipulation cannot be reached after discovery has been completed, then (1) the parties will identify the facts in dispute and (2) the court will hold an evidentiary hearing.

IT IS FURTHER ORDERED that by November 26, 2013 the parties file a discovery plan and scheduling order with the following deadlines: (1) the date for completing discovery on the issue of whether McPherson acted within the course and scope of her employment; (2) the date for filing stipulated facts regarding the course and scope of McPherson's employment (if any); and (3) the date for Defendant's motion to dismiss for a determination of whether McPherson acted within the course and scope of her employment.

IT IS SO ORDERED.

DATED this 8th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE