DANIEL G. BOGDEN
United States Attorney
District of Nevada
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
United States Attorney's Office
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FRANCES M. WEEKS-ANDEREGG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; CIVIL AIR PATROL FOUNDATION, INC., an Alabama Domestic Non-Profit Corporation d/b/a CIVIL AIR PATROL, INC.; DOES I-XV, inclusive; and ROE BUSINESS ENTITIES I-XV, inclusive,<br><br>　　　　Defendants. | 2:13-CV-00610-GMN-(VCF)<br><br>**UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO DISMISS THIS CASE WITHOUT PREJUDICE BECAUSE KATHRYNE ALEXINE MCPHERSON WAS ACTING WITHIN THE SCOPE OF HER EMPLOYMENT**<br><br>**AND ORDER** |

**UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO DISMISS THIS CASE WITHOUT PREJUDICE BECAUSE KATHRYNE ALEXINE MCPHERSON WAS ACTING WITHIN THE SCOPE OF HER EMPLOYEMENT**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and Frances M. Weeks-Anderegg ("Weeks"), by and through John L. Bertoldo and Robert S. Cardenas, Benson, Bertoldo, Baker & Carter, agree to dismiss this case and submit this unopposed motion to

dismiss this case without prejudice because (1) the parties agree to the dismissal, (2) McPherson was on an air force assigned mission and is deemed to be under the Westfall Act of the Federal Tort Claims pursuant to 10 U.S.C.§ 9442(b)(2) ("The Civil Air Patrol shall be deemed to be an instrumentality of the United States with respect to any act or omission of the Civil Air Patrol, including any member of the Civil Air Patrol, in carrying out a mission assigned by the Secretary of the Air Force."), (3) McPherson was acting within the scope of employment, (4) McPherson's actions were within the Nevada State exceptions to the going and coming rule, and (5) Week failed to file an administrative claim.

This case should be dismissed without prejudice so that Weeks may pursue whatever rights she has under 28 U.S.C. § 2679(d)(5).

November 26, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF CASE**

**A. Procedural History**

Frances M. Weeks-Anderegg ("Weeks") failed to file her administrative claim with the United States Air Force. Weeks filed a Complaint against Kathrynne Alexine McPherson ("McPherson") and others in Case No. A-13-674735-C, in the District Court, Clark County, State of Nevada, alleging a tortious act occurred on January 24, 2011. Weeks has not served the United States Attorney General and the United States Attorney for the District of Nevada with copies of the Complaint and the Summons. The United States removed the case to this Court (ECF No. 1) and filed the Notice of Substitution (ECF No. 4), the Motion to Dismiss (ECF No.5), the Statement of Removal (ECF No. 6), the Motion to Stay Discover (ECF No. 7), and the Joint Status Report Concerning Removal (ECF No. 8).

This Court substituted the United States of America ("United States") for McPherson. Order, ECF No. 9. Weeks filed an Objection to Substitution of the United States as Defendant (ECF No. 10), Opposition to the Motion to Stay Discovery (ECF No. 11), and Opposition to Motion to Dismiss (ECF No. 12). The United States filed Replies to Weeks' Objection and Oppositions.

**B. Statement of Facts**

From January 20, 2011, through January 28, 2011, McPherson was serving as a volunteer member of the Civil Air Patrol, performing a mission assigned by the Secretary of the United States Air Force. "The Civil Air Patrol shall be deemed to be an instrumentality of the United States with respect to any act or omission of the Civil Air Patrol, including any member of the Civil Air Patrol, in carrying out a mission assigned by the Secretary of the Air Force." 10 U.S.C.§ 9442(b)(2)  McPherson is "deemed to be an instrumentality of the United States with respect to **any act or omission** [as a] member of the Civil Air Patrol …." 10 U.S.C. § 9442(b)(2) (brackets and emphasis added).

**II. ARGUMENT**

This case should be dismissed without prejudice because (1) the parties agree to the dismissal, (2) McPherson was on an air force assigned mission and is deemed to be under the Westfall Act of the Federal

3

Tort Claims pursuant to 10 U.S.C.§ 9442(b)(2) ("The Civil Air Patrol shall be deemed to be an instrumentality of the United States with respect to any act or omission of the Civil Air Patrol, including any member of the Civil Air Patrol, in carrying out a mission assigned by the Secretary of the Air Force."), (3) McPherson was acting within the scope of employment, (4) McPherson's actions were within the Nevada State exceptions to the going and coming rule, and (5) Week failed to file an administrative claim.

Although the district court has subject matter jurisdiction from statute and case law authorizing this Court the exclusive jurisdiction to decide FTCA cases (28 U.S.C. § 1346(b)), it may not have subject matter jurisdiction because the Plaintiff failed to obtain a waiver of the United States' sovereign immunity by failing to file an administrative claim with the United States' agency.

> [S]overeign immunity is not merely a defense to an action against the United States, but a jurisdictional bar .... [S]tatutes that create federal jurisdiction do not, in and of themselves, waive [] sovereign immunity. Thus, while sovereign immunity can bar jurisdiction, a statute that purports to create jurisdiction alone does not necessarily eliminate sovereign immunity .... We have previously explained that [i]n an action against the United States, *in addition to* statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity .... Sovereign immunity is grounds for dismissal independent of subject matter jurisdiction. A statute may create subject matter jurisdiction yet not waive sovereign immunity.

*Powelson v. United States*, 150 F.3d 1103, 1104-1105 (9th Cir. 1998) (citations and quotation marks omitted; italics in the original).

One of the jurisdictional requirements to waive the United States' sovereign immunity is filing the administrative claim as required by 28 U.S.C. § 2675(a).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a)

The parties agree to the dismissal of this case without prejudice because no administrative claim was filed as required by 28 U.S.C. § 2675(a), which is jurisdictional. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1044 n.10 (9th 2013); *Brady v. United States*, 211 F.3d 499, 502-03 (9th Cir. 2000).

4

> The requirement of an administrative claim is jurisdictional. Because the requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.

*Brady*, 211 F.3d at 205 (citations and quotation marks omitted) (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). In other words, the district court does not have subject matter jurisdiction since the United States' sovereign immunity was not waived because Weeks failed to file an administrative claim before bring the civil complaint.

> Plaintiff … has failed to comply with that statute's jurisdictional requirement that she file an administrative claim. The district court did not err in granting Defendant's motion to dismiss.

*Id.* at 503.

This case was filed in State Court. The United States Attorney for the District of Nevada certified that McPherson was acting within the scope of her employment and removed the case from State Court to the United Stated District Court for the District of Nevada. *See* 28 U.S.C. § 2679(d)(2).

After the case is dismissed without prejudice, Weeks may pursue whatever rights she has under 28 U.S.C. § 2679(d)(5), which does not spring into existence until this case is dismissed.

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

On November 26, 2013, Robert S. Cardenas, counsel for Weeks, agreed to this unopposed motion and agreed to the dismissal without prejudice.

## III. CONCLUSION

Based on (1) the parties' agreement to the dismiss this case without prejudice, (2) the fact and law that McPherson was on an air force assigned mission and is deemed to be under the Westfall Act of the Federal Tort Claims pursuant to 10 U.S.C.§ 9442(b)(2) ("The Civil Air Patrol shall be deemed to be an instrumentality of the United States with respect to any act or omission of the Civil Air Patrol, including any

5

member of the Civil Air Patrol, in carrying out a mission assigned by the Secretary of the Air Force."), (3) the fact and law that McPherson was acting within the scope of employment, (4) the fact and law that McPherson's actions were within the Nevada State exceptions to the going and coming rule, and (5) the fact and law that Week failed to file an administrative claim, this Court should dismiss the case without prejudice.

November 26, 2013.

                                          DANIEL G. BOGDEN
                                          United States Attorney

                                          /s/ Daniel D. Hollingsworth
                                          DANIEL D. HOLLINGSWORTH
                                          Assistant United States Attorney

IT IS SO ORDERED

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE
DATED: December 18, 2013